UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TA-SHIRA K. MIDAY, <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL ONE, NATIONAL ASSOCIATION, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:22-cv-05039 <br><br> DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes TA-SHIRA K. MIDAY ("Plaintiff"), by and through the undersigned, complaining as to the conduct of CAPITAL ONE, NATIONAL ASSOCIATION A ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages under the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227 *et seq.* and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1 *et seq.*, stemming from Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. § 227, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age, residing in Maywood, Illinois, within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is engaged in the business of offering a variety of credit services, including credit cards, to consumers across the country and in connection therewith, collecting or attempting to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, from consumers across the county, including those in the state of Illinois. Defendant is a corporation organized and existing under the laws of the state of Virginia with its principal place of business located at 1680 Capital One Drive, McLean, Virginia 22102.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Prior to the actions giving rise to the claims herein, Plaintiff obtained a credit card from Defendant that was used for personal, family, and household purposes.

10. The instant action arises out of Defendant's attempts to collect upon such a debt in the approximate amount of $1,031.00 ("subject consumer debt"), purportedly owed by Plaintiff.

11. Sometime in the year 2022, Plaintiff experienced unforeseen financial hardships and fell behind on her payments for the subject consumer debt.

12. Defendant began calling Plaintiff on her cellular telephone number (708) XXX-0049, seeking collection of payments for the subject consumer debt.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular telephone ending in -0049. Plaintiff is and always has been financially responsible for the cellular telephone and its services.

14. Defendant has primarily used phone number (800) 435-1415 when placing such calls to Plaintiff's cellular phone, including, but upon belief, Defendant has used other phone numbers as well.

15. Upon information and belief, Defendant regularly utilizes the above-referenced phone number during its debt collection activities.

16. Upon answering such a phone call from Defendant, Plaintiff learned that Defendant was attempting to collect upon the subject consumer debt.

17. Further, Plaintiff experienced a significant pause, lasting several seconds in length, before she was greeted either by prerecorded messages asking her to wait until a representative came on the line or by an actual representative that did come on the line.

18. On such a call, and in response to the numerous such collection calls, Plaintiff demanded that Defendant cease contacting her cellular phone.

19. However, Defendant disregarded Plaintiff's demand and continued placing calls to her cellular phone despite Plaintiff's pleas.

20. Defendant's continued communications to Plaintiff's cellular phone following her request that Defendant's phone calls cease often resulted in Defendant leaving Plaintiff prerecorded messages attempting to collect upon the subject debt.

21. Defendant has placed dozens of phone calls to Plaintiff's cellular phone, including leaving numerous prerecorded voicemail messages, notwithstanding Plaintiff's demand that such phone calls cease.

22. Further, Defendant has sent text messages and to Plaintiff's cellular phone despite her demand that it not contact her.

23. Moreover, Defendant has sent emails to Plaintiff after such a demand.

24. Frustrated and distressed over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, exhausting time, money, and resources.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions including, but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, being subjected to harassing and unfair collection efforts, being subjected to prerecorded messages, and numerous violations of her state and federally-protected interests to be free from unwanted and unfair telephonic communications and abusive debt collection efforts.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using prerecorded messages without their consent.

29. Defendant's utilization of prerecorded messages brings its conduct within the ambit of the TCPA. Defendant caused Plaintiff to experience prerecorded voice messages on calls Plaintiff

answered, as well as leaving Plaintiff prerecorded voicemail messages on Plaintiff's cellular phone.

30. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone using prerecorded messages without her consent. After Plaintiff obtained the subject consumer debt from Defendant, she withdrew her consent to receive such calls and contacts, if consent had ever been given, by way of demanding all calls cease. However, such contacts persisted nonetheless.

31. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

32. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.

33. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, TA-SHIRA K. MIDAY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227(b)(3)(C); in addition to damages under 47 U.S.C. § 227(d)(3)(A)(1).

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "person" and "consumer" as defined by 815 ILCS §§ 505/1(c) and 505/1(e) of the ICFA.

36. Defendant's services constitute "merchandise" as defined by 815 ILCS 505/1(b).

37. At all relevant times Defendant was engaged in "trade" and "commerce" as defined by 815 ILCS 505/1(f).

38. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

39. Defendant violated 815 ILCS 505/2 through the unfair and deceptive nature of its conduct in relation to Plaintiff. It was unfair for Defendant to harass Plaintiff with telephone calls, sometimes multiple times a day, in regards to her being late on the subject consumer debt.

40. Defendant further violated 815 ILCS 505/2 by making numerous telephone calls to Plaintiff after she demanded that they not call her.

41. Moreover, Defendant violated 815 ILCS 505/2 by using prerecorded messages to contact Plaintiff, despite her demand that Defendant not call her at all.

42. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

43. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against

such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

44. Plaintiffs have suffered significant actual damages resulting from Defendant's unlawful practices, including both out of pocket expenses, as well as emotional pain and suffering.

45. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant's complete lack of regard for Plaintiff's rightful demands that she not be called, Defendant's number of calls, and Defendant's use of prerecorded messages placed by an automatic telephone dialing system support an award for such damages. Defendant's conduct must be deterred and an award of punitive damages is appropriate under the circumstances.

WHEREFORE, Plaintiff, TA-SHIRA K. MIDAY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages in an amount to be determined at trial as provided under 815 ILCS 505/10a(a);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 815 ILCS 505/10a(c);

d. Enjoining Defendant from further violations of law; and

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

Dated: September 16, 2022

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200

Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com